**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Anthony Leonard HUMPHREY,**
**Defendant–Appellant.**

**No. 01–10053.**
**D.C. No. CR–00–00084–DWH.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2001.[*]

Decided Aug. 30, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Anthony Leonard Humphrey appeals a 27 month sentence imposed following his conviction by guilty plea to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, we review de novo, *United States v. Allen,* 153 F.3d 1037, 1040 (9th Cir. 1998), and we affirm.

■ Humphrey contends that the district court improperly included three criminal history points arising from three prior misdemeanor convictions in calculating his criminal history score. Humphrey specifically argues that the three points were improperly included because he allegedly pleaded guilty without being informed of his right to counsel. Humphrey's contention is unpersuasive.

■ In the context of a constitutional challenge to a prior conviction with respect to a criminal history calculation, the ultimate burden of proving the infirmity of the conviction lies with the defendant. *United States v. Allen,* 153 F.3d 1037, 1041 (9th Cir.1998). To succeed in his challenge, Humphrey thus must present evidence sufficient to overcome the presumption that he was informed of, and knowingly and voluntarily waived, his right to counsel. *See United States v. Mulloy,* 3 F.3d 1337, 1339–40 (9th Cir. 1993) (concluding that the Supreme Court's decision in *Parke v. Raley,* 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992), accords a "presumption of regularity" to prior convictions offered for purposes of sentence enhancement).

In support of his contention, Humphrey has provided only a statement from his counsel suggesting that it was the "unofficial practice" of the Municipal Court for

North Las Vegas, not to inform misdemeanor defendants of their right to counsel. This general allegation, however, without more, is insufficient to prove by a preponderance of the evidence that Humphrey was denied his right to counsel, and thus does not overcome the presumption of regularity afforded to prior convictions. *Allen,* 153 F.3d at 1041.

AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.