**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Zenaido RAMIREZ, Defendant–**
**Appellant.**

**No. 00–30072.**
**DC No. CR 95–167 RHW.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 6, 2001.*

Decided Sept. 4, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before NOONAN, TASHIMA, and TALLMAN, Circuit Judges.

MEMORANDUM **

Zenaido Ramirez appeals the 57–month sentence imposed by the district court following his guilty plea to distribution of cocaine, a violation of 21 U.S.C. § 841(a)(1). Ramirez contends that the district court erred in relying upon three state convictions for which the records have been destroyed, and in denying him a reduction for acceptance of responsibility pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3E1.1. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

◼ Ramirez contends that criminal history points should not have been added for his state convictions because there is no indication of a knowing and intelligent waiver of counsel in any of the cases.[1] Although the lack of a valid waiver of the right to counsel can be used to collaterally attack a conviction used to enhance a sentence, *United States v. Kaneakua*, 105 F.3d 463, 467 (9th Cir.1997), the burden is on the defendant to prove the invalidity of the prior conviction by a preponderance of the evidence, *United States v. Allen*, 153 F.3d 1037, 1041 (9th Cir.1998), *cert. denied*, 525 U.S. 1170, 119 S.Ct. 1094, 143 L.Ed.2d 94 (1999). Not only has Ramirez failed to make an "affirmative showing" that the prior conviction is invalid, he has failed to present any evidence to support his contention. *United States v. Mulloy*, 3 F.3d 1337, 1339–40 (9th Cir.1993); *see also Allen*, 153 F.3d at 1041.

** This disposition is not appropriate for publication and may not be cited to or by the

◼ We also conclude that the fact that Ramirez eventually agreed to plead guilty after being a fugitive for four years does not make this an extraordinary case deserving of the offense level reduction for acceptance of responsibility found in USSG § 3E1.1. *See United States v. Jeter*, 236 F.3d 1032, 1035 (9th Cir.2001) ("[S]imultaneous adjustments for obstruction of justice and acceptance of responsibility are warranted only in extraordinary cases.") (internal quotation marks omitted). The district court's denial of the acceptance of responsibility reduction was not clearly erroneous. *Cf. United States v. Fisher*, 137 F.3d 1158, 1167 (9th Cir.1998) (reviewing for clear error the district court's denial of the acceptance of responsibility reduction).

For the foregoing reasons, the sentence imposed by the district court is

AFFIRMED.

courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. Because the parties are familiar with the

facts, we do not recite them here.

