**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Ciro ORTEGA–SALINAS, Defendant—
Appellant.**

**No. 01–30309.**

**D.C. No. CR–00–02189–AAM.**

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted May 13, 2002 *.

Decided May 28, 2002.

Before FERNANDEZ, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Ciro Ortega–Salinas appeals his 84–month sentence, imposed pursuant to his guilty plea to one count of possession of 500 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and we affirm.

Ortega–Salinas contends that the district court erroneously counted two prior uncounseled state misdemeanor convictions, which raised his criminal history score from II to IV. We are unpersuaded. The 1993 conviction for having no valid operator's license is not properly before us because Ortega–Salinas failed to object below. *See United States v. Flores–Payon,* 942 F.2d 556, 558 (9th Cir.1991). Nevertheless, it would have been properly included for the same reasons as the 1994 conviction discussed below.

This court reviews de novo the "district court's determination that a particular conviction may be used in calculating a defendant's criminal history score." *United States v. Allen,* 153 F.3d 1037, 1040 (9th Cir.1998). The defendant bears the "ultimate burden of proof in demonstrating the constitutional infirmity" of the prior conviction at issue by a preponderance of the evidence. *Id.* at 1041.

Ortega–Salinas failed to satisfy his burden of proof. His only proof that he was not advised of his right to counsel was by way of citation to *United States v. Akins,* 243 F.3d 1199 (9th Cir.2001), *amended by* 276 F.3d 1141 (9th Cir.2002). There, we held that the procedures followed by Yakima County Superior Court during Akins's plea agreement in 1989 did not adequately advise him of his right to counsel. However, Ortega–Salinas's misdemeanor conviction was in Yakima County District Court in 1994. Therefore, even reading *Akins* broadly to condemn the procedures followed in Yakima County Superior Court more generally, as Ortega–Salinas suggests, Ortega–Salinas's argument fails.

Ortega–Salinas offers no other evidence to call into doubt the constitutionality of his prior conviction. Accordingly, we affirm.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.