**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**George Wayne SANDERS,**
**Defendant–Appellant.**

No. 01–30282.
D.C. No. CR–01–00033–WFN.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 5, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

George Wayne Sanders appeals his 87–month sentence imposed following his guilty plea conviction to one count of endangering human life while attempting to manufacture a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 858. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Sanders contends that the district court erroneously counted four prior uncounselled state misdemeanor convictions, which raised his criminal history score from I to III. We are unpersuaded.

This court reviews de novo the "district court's determination that a particular conviction may be used in calculating a defendant's criminal history score." *United States v. Allen,* 153 F.3d 1037, 1040 (9th Cir.1998). The defendant bears the burden to prove the invalidity of a prior conviction by a preponderance of the evidence, which must be sufficient to overcome the presumption that there was a valid waiver of counsel. *Id.* at 1041. A defendant cannot overcome that burden "merely by pointing to a silent or ambiguous record." *United States v. Mulloy,* 3 F.3d 1337, 1339 (9th Cir.1993).

Sanders failed to proffer any evidence that he did not voluntarily and knowingly waive representation with respect to any of the prior convictions. Accordingly, we affirm the sentence imposed by the district court.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.