**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Charles Matthew PRICE, Defendant–Appellant.**

**D.C. Nos. CR–02–00117–EJL, 02–30410.**

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.*

Decided June 13, 2003.

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Charles Price appeals the 60–month sentence imposed following his guilty plea conviction for possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's determination that a prior conviction may be used in calculating a defendant's criminal history score, *United States v. Allen*, 153 F.3d 1037, 1040 (9th Cir.1998), and we affirm.

Price contends that his prior uncounseled conviction for driving under the in-

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

fluence of alcohol cannot be used to enhance his criminal history score because he did not knowingly and intelligently waive his right to counsel under the Sixth Amendment. Because Price fails to make a sufficient affirmative showing that his waiver of counsel was invalid, he fails to meet his burden of proof to demonstrate the constitutional infirmity of his prior conviction. *See United States v. Dominguez,* 316 F.3d 1054, 1056 (9th Cir.2003); *Allen,* 153 F.3d at 1041. Accordingly, the district court did not err by including one criminal history point for his prior conviction for driving under the influence in its calculation of Price's criminal history category.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.