**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Gilberto MARMOLEJO-RIOS,
Defendant—Appellant.**

No. 03–50088.
D.C. No. CR–02–02014–JKS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 7, 2004.

Decided Feb. 12, 2004.

U.S. Attorney, Joseph S. Smith, Jr., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Anthony E. Colombo, FDCA–Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before TROTT, RAWLINSON, and BEA, Circuit Judges.

## MEMORANDUM [*]

Gilberto Marmolejo–Rios appeals from his conviction and sentence for the importation and possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 952, 960 and 841(a)(1). Marmolejo–Rios bases his appeal on four grounds: first, he argues that his prior conviction for drunk driving was improperly included in his criminal history calculation because he was not represented by counsel when he pleaded guilty to that crime; second, he maintains that the court erred when it adjusted his sentence upward for obstruction of justice; third, he argues that the district court's grand jury instructions improperly limited the role of the grand jury; and fourth, he asserts that the statutes under which he was convicted are facially unconstitutional because they remove factual determinations from the jury. We find each of these claims to be without merit. Accordingly, we affirm Marmolejo–Rios's conviction and sentence.

█ First, Marmolejo–Rios contends that his March 24, 1998 DUI conviction is not valid and should not have been included in the determination of his criminal history level for sentencing because he did not have the benefit of counsel and was not advised of, and did not waive, his right to counsel before he entered a guilty plea in that case. *See United States v. Allen*, 153 F.3d 1037, 1041 (9th Cir.1998) (holding that defendant must show by a preponderance of the evidence that prior conviction was invalid). We disagree. Marmolejo–Rios has failed to present any evidence that his prior conviction was invalid due to lack of adequate representation or that his decision to proceed pro se was not knowing. In fact, at sentencing, Marmolejo–Rios submitted a declaration and testified that he could not recall whether he was

represented by counsel or whether he had been advised of his right to be represented by an attorney or whether he had waived his right to an attorney. This is insufficient. *See United States v. Dominguez*, 316 F.3d 1054, 1056 (9th Cir.2003) ("A defendant cannot carry this burden 'merely by pointing to a silent or ambiguous record.'" (quoting *United States v. Mulloy*, 3 F.3d 1337, 1339 (9th Cir.1993))).

Marmolejo–Rios has presented no evidence to "overcome the presumption that there was a valid waiver of counsel." *Allen*, 153 F.3d at 1041. As detailed in the Presentence Report, the standard practices in the San Diego County Criminal Courts accord with California law and require that all people who appear in San Diego Courts be advised of their constitutional rights and provided with sufficient information to make a knowing and intelligent waiver of counsel prior to signing a plea agreement and entering a guilty plea. Absent evidence to the contrary, we refuse to presume that these practices were not followed in this case.

█ Second, Marmolejo–Rios contends that the district court's finding of perjury, and its two-level increase in his criminal history for obstruction of justice, was inadequate because the court failed to make specific factual findings that he testified falsely. *See United States v. Dunnigan*, 507 U.S. 87, 95, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). We disagree. The district court determined that Marmolejo–Rios willfully and intentionally perjured himself as to a material matter by testifying that he did not know that there was marijuana in the spare tire. The district court held that by finding Marmolejo–Rios guilty, the jury found that he knew the marijuana was in the tire, though he testi-

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

fied that he had no knowledge of its presence. We find that the district court made sufficient " 'findings to support all the elements of a perjury violation' with 'specificity. . . .' " *United States v. Jimenez,* 300 F.3d 1166, 1171 (9th Cir.2002) (quoting *Dunnigan,* 507 U.S. at 96–98). Accordingly, the two-level adjustment for obstruction of justice was not clearly erroneous. *See Jimenez,* 300 F.3d at 1171.

Third, Marmolejo–Rios asserts that the whole indictment should fall because the Grand Jury was misinstructed. We have, however, previously declared that the exact same instructions were not unconstitutional. *United States v. Marcucci,* 299 F.3d 1156, 1164 (9th Cir.2002); *United States v. Adams,* 343 F.3d 1024, 1027 n. 1 (9th Cir.2003); *United States v. Cedano–Arellano,* 332 F.3d 568, 573 (9th Cir.2003). This panel is in no position to reconsider that decision. *Hart v. Massanari,* 266 F.3d 1155, 1171 (9th Cir.2001).

 Finally, Marmolejo–Rios argues that his convictions under 21 U.S.C. §§ 841, 952, and 960 are invalid because the statutes violate the Fifth and Sixth Amendments by allowing the judge, rather than the jury, to make factual determinations regarding the type and quantity of drugs involved in the crimes. This court, however, has clearly rejected this argument. *See Cedano–Arellano,* 332 F.3d at 573; *Jimenez,* 300 F.3d at 1171; *Marcucci,* 299 F.3d at 1165; *United States v. Buckland,* 289 F.3d 558, 562 (9th Cir.2002) (en banc); *United States v. Mendoza–Paz,* 286 F.3d 1104, 1109–10 (9th Cir.2002); *United States v. Varela–Rivera,* 279 F.3d 1174, 1175 n. 1 (9th Cir.2002). Moreover, this court has upheld this finding in light of recent Supreme Court precedent. *United States v. Hernandez,* 322 F.3d 592, 600 (9th Cir.2003) (confirming constitutionality of 21 U.S.C. § 960).

Accordingly, Marmolejo–Rios's conviction and sentence are

**AFFIRMED.**