**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Joseph QUIROZ–DUARTE, Defendant—Appellant.**

No. 03–10105.

D.C. No. CR–01–00901–DCB.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Feb. 17, 2004.*

Decided Feb. 23, 2004.

Bruce M. Ferg, Anne E. Mosher, USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Walter B. Nash, III, Tucson, AZ, for Defendant–Appellant.

Before FERNANDEZ, W. FLETCHER and TALLMAN, Circuit Judges.

## MEMORANDUM**

Joseph Quiroz–Duarte appeals the 60–month sentence imposed after he pleaded guilty to conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo a district court's determination that a particular prior conviction may be used in calculating a defendant's criminal history score, *United States v. Allen,* 153 F.3d 1037, 1040 (9th Cir.1998), we affirm.

Quiroz–Duarte contends that the district court erred by counting his Arizona state conviction for possession of drug paraphernalia in his criminal history calculation, thus disqualifying him for the safety valve exception. We disagree.

Because Quiroz–Duarte's state conviction was not set aside due to legal or constitutional error or new evidence exonerating him, the district court did not err by including it in his criminal history calculation. *See* U.S.S.G. § 4A1.2, comment n. 6 and 10; *cf. United States v. Guthrie,* 931 F.2d 564, 571–573 (9th Cir.1991) (concluding that defendant's prior conviction did not count where it had been reversed and later expunged after a claim of a constitutional violation.)

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

