**UNITED STATES of America,**
Plaintiff–Appellee,

v.

**Jose Luis RODRIGUEZ–CAMARGO,**
**aka Abraham Camargo,**
Defendant–Appellant.

**No. 05–50620.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

730

Becky S. Walker, Esq., Mark Childs, Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Benjamin L. Coleman, Esq., San Diego, CA, for Defendant–Appellant.

Before: LEAVY, McKEOWN and GOULD, Circuit Judges.

## MEMORANDUM **

Jose Luis Rodriguez–Camargo appeals from his 46–month sentence following his guilty-plea conviction for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the sentence and remand to correct the judgment.

Rodriguez–Camargo contends that the district court committed plain error by applying a 16–level enhancement pursuant to U.S.S.G. § 2L1.2 because his prior California conviction for attempted murder under Cal.Penal Code § § 664, 187(a) is not categorically a crime of violence. We need not decide whether attempted murder under California law is categorically a crime of violence because the record demonstrates that Rodriguez–Camargo admitted to suffering a prior conviction for shooting into an inhabited building, in violation of Cal.Penal Code § 246, which this court has held constitutes a crime of violence for enhancement purposes under § 2L1.2. *See United States v. Cortez–Arias*, 403 F.3d 1111, 1116 (9th Cir.2005)("We conclude that shooting at an inhabited dwelling, in violation of California Penal Code section 246, is a 'crime of violence' under U.S.S.G. § 2L1.2.").

Rodriguez–Camargo contends that the district court erred by adding three criminal history points to his criminal history score based on an un-counseled misdemeanor for being an unlicensed driver. We disagree. Rodriguez–Camargo failed to overcome the presumption of regularity of prior conviction. *See United States v. Allen*, 153 F.3d 1037, 1041 (9th Cir.1998) (stating that a defendant cannot prove a constitutional infirmity of a prior conviction for sentencing purposes merely by pointing to a missing or silent trial transcript, but rather, to overcome the presumption and bar the use of the prior conviction, a defendant must make an affirmative showing). Thus, the district

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

court did not err in including Rodriguez–Camargo's unlicensed driver conviction in his criminal history score. *See id.*

Rodriguez–Camargo contends that 8 U.S.C. § 1326(b) is unconstitutional. This claim is foreclosed by *United States v. Beng–Salazar*, 452 F.3d 1088, 1091 (9th Cir.2006).

Although not raised by the parties, the judgment contains an improper reference to § 1326(b)(2). In accordance with *United States v. Rivera–Sanchez*, 222 F.3d 1057, 1062 (9th Cir.2000), we remand with instructions that the district court delete from the judgment the incorrect reference to § 1326(b)(2). *See United States v. Herrera–Blanco*, 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete reference to § 1326(b)).

**AFFIRMED; REMANDED.**