**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Pedro AVALOS, Defendant–Appellant.**

**No. 08–50402.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 4, 2009.

Filed Aug. 19, 2009.

Steven D. Desalvo, Esquire, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Siri Shetty, Law Office of Siri Shetty, San Diego, CA, for Defendant–Appellant.

Before: RAWLINSON and BYBEE, Circuit Judges, and BEISTLINE,* District Judge.

## MEMORANDUM **

The relevant facts are known to the parties and we do not repeat them here, except as necessary to explain our decision.

██ The district court did not abuse its discretion when it declined to grant Avalos a "minor participant" reduction in offense level under § 3B1.2 of the United States

---

* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36–3.

Sentencing Guidelines. Based on the record before this Court, it was proper for the district court to conclude that Avalos, as driver of the lookout vehicle, was, as the district court put it, "an integral part" of the illegal alien smuggling operation at issue in this case.

■ On the question of whether the district court properly calculated Avalos' criminal history under U.S.S.G. § 4A1.1, however, the record is less clear. Normally, Avalos' prior offenses would be counted together under § 4A1.1 because there was no intervening arrest between his August 8, 2005 and August 9, 2005 offenses, and because he was sentenced for both offenses on the same day. However, under Application Note 3 of the commentary to § 4A1.2, the district court has authority to grant an upward departure in the criminal history calculation where counting the offenses together does not "adequately reflect the seriousness of the defendant's criminal history or the frequency with which the defendant has committed crimes." U.S.S.G. § 4A1.2 cmt. n. 3 (2007).

It is unclear from the record whether the district court intended to grant an upward departure under Note 3. Without invoking Note 3 explicitly, the district court did analyze whether Avalos' criminal history is "over represented" when the offenses are counted separately. That sounds like a reference to Note 3. However, some of the district court's comments at sentencing indicate that the district court may have mistakenly counted the offenses separately by applying the pre-2007 sentencing guidelines, which provided that " '[p]rior sentences imposed in related cases are to be treated as one sentence' " for the purpose of calculating the defendant's criminal history. *United States v. Allen*, 153 F.3d 1037, 1045 (9th Cir.1998) (quoting U.S.S.G. § 4A1.2(a)(2) (1998)).

For example, the district court questioned Avalos' attorney as to whether "[t]he robbery is related to the petty theft". When defense counsel responded that the offenses are "considered related cases with the meaning of the guidelines because there was no intervening arrest", the court responded, "I disagree with you."

Thus, it is unclear whether the district court intended to count the offenses separately under the pre–2007 "related case" standard, or to grant an upward adjustment under Note 3 to the current version of § 4A1.2. This ambiguity makes it impossible for this Court to review the district court's sentencing calculation. We therefore vacate Avalos' sentence and remand to the district court for clarification of its criminal history calculation and resentencing consistent with this opinion. It should be noted that this Court renders no opinion as to whether the district court should grant an upward departure to Avalos' criminal history under Note 3, nor any opinion as to the reasonableness of Avalos' sentence under 18 U.S.C. § 3553(a).

**SENTENCE VACATED AND RE-MANDED.**