NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JAN 11 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50431 |
| Plaintiff - Appellee, | D.C. No. 2:14-cr-00258-BRO-1 |
| v. | |
| ENARVO PALOMERA, AKA Envaro Palomera, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Submitted January 7, 2016[**]
Pasadena, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and MOTZ,[***] Senior District Judge.

Enarvo Palomera challenges the district court's criminal history point

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable J. Frederick Motz, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

calculations relating to his conviction and sentence for being found in the United States after having been officially deported subsequent to an aggravated felony conviction without having obtained permission to reapply for admission, in violation of 8 U.S.C. § 1326(a), (b)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

**1. Palomera's December 1996 and July 2001 Convictions.**

Palomera argues that the district court erred when (1) it assessed two criminal history points relating to Palomera's December 1996 misdemeanor conviction; and (2) assessed one criminal history point relating to Palomera's July 2001 misdemeanor conviction. Palomera contends that these convictions may not be counted in Palomera's criminal history score because his waiver of counsel in connection with each conviction was not knowing or voluntary. Palomera objected in the district court to the use of these prior convictions in calculating his criminal history category, and we review these objections de novo. *United States v. Dominguez*, 316 F.3d 1054, 1056 (9th Cir. 2003).

Palomera's claim as to his December 1996 misdemeanor conviction fails because the record discloses that Palomera was advised of his right to counsel and right to a jury trial. Palomera argues that the warning reflected in the record was

2

incomplete and that his waiver was thus not knowing and voluntary, but he has failed to point to evidence in the record sufficient to overcome the presumption that this conviction was valid by a preponderance of the evidence. *United States v. Allen*, 153 F.3d 1037, 1041 (9th Cir. 1998).

Palomera's challenge relating to his July 2001 misdemeanor conviction also fails. After Palomera was advised of his right to counsel and right to a jury trial via audiocassette, the record appears to indicate—and the district court found—that Palomera was subsequently advised of these rights by the state trial judge in an oral colloquy. That warning is presumed valid, and Palomera has failed to point to evidence in the record sufficient to overcome that presumption by a preponderance of the evidence. *Id*.

### 2. Palomera's February 2001 Conviction.

Palomera further contends that the district court erred when it assessed a criminal history point relating to his February 2001 misdemeanor conviction. Palomera asks this court to take judicial notice of docket records—which Palomera failed to place in the record before the district court—indicating that the state trial court revoked his 3-year probation relating to his February 2001 conviction after Palomera violated his probation terms. Palomera argues that this revocation

caused his probation term to last less than a year, and that therefore this conviction may not count towards a criminal history calculation under *United States v. Mejia*, 559 F.3d 1113, 1116 (9th Cir. 2009).

We review this challenge for plain error because Palomera did not object to this portion of his sentencing calculation in the district court. *Id*. at 1115. "For error to qualify as 'plain,' it must be 'so clear-cut, so obvious, [that] a competent district judge should be able to avoid it without benefit of objection.'" *United States v. Brigham*, 447 F.3d 665, 669 (9th Cir. 2006) (alteration in original) (quoting *United States v. Smith*, 424 F.3d 992, 1002 (9th Cir. 2005)).

Here, Palomera cannot establish plain error because Palomera failed to place the factual basis for this claim of error before the district court. Without the benefit of the docket records upon which Palomera relies, the district judge could not have avoided the error that Palomera contends occurred. Thus the error—if any—could not have been plain.[1]

The judgment of the district court is **AFFIRMED**.

---

[1] Because we reject Palomera's plain error argument without reference to the materials of which Palomera seeks judicial notice, we **DENY** Palomera's request for judicial notice as moot.