FILED

NOT FOR PUBLICATION

MAY 25 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



FOR THE NINTH CIRCUIT

NISENAN TRIBE OF THE NEVADA
CITY RANCHERIA; et al.,

Plaintiffs - Appellants,

v.

SALLY JEWELL, in her official capacity
as Secretary of the Interior; et al.,

Defendants - Appellees.

No. 14-15541

D.C. No. 5:10-cv-00270-JF

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Submitted May 13, 2016[**]
San Francisco, California

Before: WARDLAW, PAEZ, and BEA, Circuit Judges.

Plaintiff-Appellants, The Nisenan Tribe of the Nevada City Rancheria,

Richard Johnson, and other individual members of the Nevada City Rancheria

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("Appellants"), assert that the district court erred in dismissing their claims with prejudice on the grounds that such claims were time-barred under the Administrative Procedure Act's ("APA's") six-year statute of limitations. *See* 28 U.S.C. § 2401. We find no error in the district court's analysis, and we affirm.

## I.

The district court did not err in granting Appellant's Rule 60(a) motion to correct a clerical error in the 1983 Stipulation for Entry of Judgment (the "Stipulation") in the *Hardwick* action *nunc pro tunc*,[1] rather than as of the date of the court's March 7, 2014 order. To the extent Appellants are challenging the district court's jurisdiction to enter such order *nunc pro tunc*, our review is *de novo*. *See United States v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). To the extent Appellants challenge the district court's exercise of its discretion to issue an order *nunc pro tunc*, we review the court's ruling for abuse of discretion. *Atkins v. Wain, Samuel & Co.*, 69 F.3d 970, 973 (9th Cir. 1995).

A court's jurisdiction to enter an order *nunc pro tunc* "is limited to making the record reflect what the district court actually intended to do at an earlier date,

---

[1] "Nunc pro tunc signifies now for then, or in other words, a thing is done now, which shall have the same legal force and effect as if done at [the] time when it ought to have been done." *United States v. Allen*, 153 F.3d 1037, 1044 (9th Cir. 1998) (quoting Black's Law Dictionary 964 (5th ed. 1979)).

but which it did not sufficiently express or did not accomplish due to some error or inadvertence." *Sumner*, 226 F.3d at 1010. Appellants asserted in their motion to correct the *Hardwick* court's clerical error that, absent the error, the Nevada City Rancheria would have been among the parties whose claims were dismissed without prejudice by the 1983 Stipulation. By granting Appellants' motion *nunc pro tunc*, the district court merely corrected the record to make it "reflect what the [*Hardwick*] court actually intended to do at an earlier date, but which it did not sufficiently . . . accomplish due to some error or inadvertence." *Id.* The district court's actions here fell well within the authority recognized in *Sumner*.

We are not persuaded by Appellants' argument that a court lacks authority to correct an error *nunc pro tunc* if the correction would adversely affect a party's "substantive" right. Appellants cite no case that has so held. Indeed, in *United States v. Inocencio*, 328 F.3d 1207 (9th Cir. 2003), we affirmed a district court's authority to correct an earlier failure to revoke a defendant's naturalization *nunc pro tunc*, where such revocation should have (but for a clerical error) followed automatically from the defendant's conviction for naturalization fraud. *Id.* at 1208–11. The later revocation of naturalization clearly affected the defendant's substantive rights in *Inocencio*. Accordingly, we reject Appellants' argument that the district court erred because correcting the *Hardwick* court's error *nunc pro tunc*

-3-

restarted the statute of limitations on Appellants' current claims as of 1983—thus rendering Appellants' present action untimely.

In sum, we conclude that the district court neither exceeded its jurisdiction nor abused its discretion in granting Appellants' motion to correct a clerical error *nunc pro tunc.*

## II.

Appellants next argue that the district court erred in permitting the government to raise the APA's statute of limitations as an affirmative defense. We review *de novo* whether an affirmative defense has been waived, *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001), and again find no error in the district court's analysis. The government timely asserted the APA's six-year statute of limitations in both its answer to Appellants' original complaint and in its answer to Appellants' first amended complaint. The government therefore timely raised that defense. *See* Fed. R. Civ. Proc. 8(c).

No law supports Appellants' position that waiver of a statute of limitations defense in an earlier action bars the assertion of that defense in a *different action*,

filed nearly forty years later.[2]  The cases Appellants cite merely hold that "[t]he filing of a class action tolls the statute of limitations as to all asserted members of the class," until, for instance, the class action is dismissed or the class decertified, *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 350 (1983) (internal quotation marks omitted), or a plaintiff opts out of the class, *see Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 550 (1974).  Because we reject Appellants' premise that the *Hardwick* action remained pending (and the Nevada City Rancheria remained a party to that action) until 2014, these cases do not compel a ruling in Appellants' favor.  Here, one of two things occurred: (1) the Nevada City Rancheria claims were dismissed as of 1983 by the Stipulation, corrected *nunc pro tunc*, or (2) the Nevada City Rancheria claims were dismissed in 1992, when the court entered a "Judgment" closing the *Hardwick* case and finally disposing of "all" remaining claims.  Either way, the current action, filed in 2010, was time-barred by the APA's six-year statute of limitations.

---

[2]Appellants are correct that the government waived any statute of limitations defenses it may have had in the *Hardwick* action.  The district court found—and Appellants do not dispute—that Appellants' claims relating to the Nevada City Rancheria accrued in 1964 when the notice of termination of the Nevada City Rancheria was published in the Federal Register.  *Cf.* 28 U.S.C. § 2401(a).  Thus, the APA's six-year statute of limitations had run before the 1971 *Hardwick* action had been filed.

That the 1983 Stipulation dismissed Appellants' and similarly situated Rancherias' claims *without* prejudice does not compel a different result. A dismissal without prejudice does not indefinitely preserve a party's right to bring a new action. Nor does the 1983 Stipulation contain any provision that would preclude the government from raising the statute of limitations as a defense in a later action.

In sum, there is no basis for finding that the government waived its statute of limitations defense in the present action. The district court correctly dismissed Appellants' suit as time-barred.

## III.

We need not reach Appellants' argument that the government has waived its laches defense. Regardless whether the government may raise that defense, the district court's order must be upheld on statute of limitations grounds.

For the foregoing reasons, we **AFFIRM** the district court's order dismissing Appellants' action.