**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Ralph Perez DOMINGUEZ, Defendant–Appellee.**

**No. 02–10106.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2002.*

Filed Jan. 21, 2003.

---

**1.** George Orwell, "Politics and the English Language," 13 Horizon 76 (1946).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Richard E. Gordon, Assistant United States Attorney, Tucson, Arizona, on behalf of the plaintiff-appellant.

Paul D. Bates, Tucson, Arizona, on behalf of the defendant-appellee.

Before BERZON, TALLMAN, and CLIFTON, Circuit Judges.

## OPINION

TALLMAN, Circuit Judge:

We allocate to a defendant the burden of proving that a prior conviction was unconstitutional when a defendant challenges the use of the prior conviction in calculating a later sentence under the federal Sentencing Guidelines. Because the burden of establishing the constitutionality of prior convictions was improperly assigned to the government in this case, we vacate the district court's sentence and remand for further proceedings.

I

Ralph Perez Dominguez pled guilty to one count of a nine-count indictment: possession with intent to distribute 100 to 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii). Dominguez entered his guilty plea pursuant to a written plea agreement. The plea agreement stated: "This agreement is expressly conditioned on the defendant's criminal history falling within Category I of the Sentencing Guidelines. If the defendant's criminal history exceeds Category I, the government reserves its right to withdraw from the plea agreement." After receiving Dominguez's guilty plea, the district court ordered the preparation of a Pre-sentence Report.

The Presentence Report stated that Dominguez had three prior misdemeanor convictions, placing Dominguez in Criminal History Category II. On December 27, 2001, the United States moved to withdraw from the plea agreement because Dominguez's criminal history did not fall within Category I. Dominguez opposed the government's motion.

The district court held a hearing on the motion on January 22, 2002. At the hearing, the district court, *sua sponte*, questioned whether there was sufficient proof that Dominguez's waivers of counsel in his prior convictions were valid. The district court ordered the parties to consider whether Dominguez's prior waivers resulted in convictions that could be counted for sentencing purposes, stating that "there

has to be proof by the government that in fact there was a valid waiver."

After the parties briefed the issue, the district court again heard oral argument. The district court, relying on *United States v. Akins*, 243 F.3d 1199, *amended by* 276 F.3d 1141 (9th Cir.2002),[1] concluded that the government had the burden of showing the constitutionality of the prior convictions the United States wished to use in calculating Dominguez's sentence. The district court held that the United States failed to carry this burden as to two of Dominguez's three prior convictions. The court placed Dominguez back in Criminal History Category I. With Dominguez in Category I, the district court denied the government's motion to withdraw from the plea agreement, stating that "there is no basis at this point for the government to move to withdraw from this plea agreement." The court then accepted the plea agreement and sentenced Dominguez to thirty-seven months imprisonment. The United States appeals.

## II

 The United States argues that the district court impermissibly placed on the government the burden of proving that Dominguez validly waived counsel in his prior convictions. We review *de novo* the district court's assessment of prior convictions in calculating a defendant's criminal history category. *United States v. Allen*, 153 F.3d 1037, 1040 (9th Cir.1998).

### A

In *Allen*, we stated that "in the 'context of considering a constitutional challenge to a prior conviction in the criminal history calculation ... the ultimate burden of

proof in demonstrating the constitutional infirmity of the ... conviction lies with the defendant.'" *Id.* at 1041 (quoting *United States v. Newman*, 912 F.2d 1119, 1121 (9th Cir.1990)). *See also United States v. Lee*, 995 F.2d 887, 889 (9th Cir.1993); *United States v. Kelly*, 993 F.2d 702, 705 (9th Cir.1993).

 *Allen* is clear: "A defendant must prove the invalidity of a prior conviction by a preponderance of the evidence. To do so, the defendant must present evidence sufficient to overcome the presumption that there was a valid waiver of counsel." *Allen*, 153 F.3d at 1041 (internal citation omitted). A defendant seeking to carry the burden under the Guidelines of showing invalidity of waiver in prior convictions must "make '[a]n affirmative showing ... that the prior conviction is invalid....'" *Id.* (quoting *United States v. Mulloy*, 3 F.3d 1337, 1340 (9th Cir.1993)). A defendant cannot carry this burden "merely by pointing to a silent or ambiguous record." *Mulloy*, 3 F.3d at 1339.

*Mulloy* is instructive in this case. The government in *Mulloy* appealed a sentence, contending that the district court improperly placed the burden on the government to show that the defendant's prior convictions were constitutionally valid. *Id.* We agreed with the government and concluded that "we must vacate the sentence and remand for further proceedings because the court seems to have read the partial silence of the record to the government's disadvantage. The effect was to place the burden of showing validity of the convictions on the government, contrary to [the] presumption of regularity." *Id.* at 1340.

---

1. The record is unclear whether the district court relied upon the original or the amended version of *Akins*. But because the district court ordered the parties to examine this issue on December 27, 2001, we published our amended *Akins* opinion on January 10, 2002, and the district court heard argument on January 22, 2002, it is quite possible that the district court relied on the original version of *Akins*.

## B

The district court here relied on *Akins* to hold that the government bears the burden of showing the constitutionality of prior convictions to be used for sentencing purposes. But our decision in *Akins* did not alter the clear course charted by *Allen* and *Mulloy*. As an initial matter, *Akins* never mentioned *Allen, Mulloy,* or the other cases placing on the defendant the burden of showing the invalidity of prior convictions to be used for the Guidelines sentencing calculation. *Allen* and *Mulloy* remain good law.[2]

*Akins* is simply not pertinent to cases, such as this one, where a prior conviction is used only to enhance a defendant's criminal history score under the United States Sentencing Guidelines. The government charged Akins with possessing a firearm after having been convicted of "a misdemeanor crime of domestic violence." *Akins,* 276 F.3d at 1145. The prior conviction in *Akins* was thus an *element of the offense,* which the government always bears the burden of proving beyond a reasonable doubt. Also, in *Akins,* the statute provided that the indictment could not stand if the defendant was not represented by counsel and did not knowingly and intelligently waive the right to counsel in the predicate misdemeanor. *Id.* at 1145–46. In contrast, Dominguez's prior convictions are not elements of a 21 U.S.C. § 841 prosecution, nor is the voluntary waiver of counsel a statutory prerequisite. Rather, Dominguez's prior convictions are relevant *only for sentencing purposes.* *Akins* simply does not address the use of prior convictions in calculating a defendant's criminal history category or who bears the burden in challenging their validity where assistance of counsel was waived.[3] That situation is still governed by *Allen* and *Mulloy.*

## C

The district court erred when it placed the burden on the United States to show that Dominguez validly waived counsel in his prior convictions. *Akins,* as amended, provides no support for the district court's shifting of that burden. We **VACATE**

---

**2.** The panel in *Akins* could not have overruled these precedents, even if it had wanted to. *See, e.g., United States v. Johnson,* 297 F.3d 845, 865 (9th Cir.2002) (" 'one three-judge panel of this court cannot reconsider or overrule the decision of a prior panel' " (quoting *United States v. Gay,* 967 F.2d 322, 327 (9th Cir.1992))).

**3.** *Akins* was issued and then subsequently amended. The initial opinion in *Akins* stated that "[t]he government thus has the burden of proving beyond a reasonable doubt a knowing and intelligent waiver of the right to counsel in the predicate offense." *Akins,* 243 F.3d at 1202, *amended by* 276 F.3d 1141. The original opinion concluded that "[t]he government has thus failed to show that Akins knowingly and intelligently waived the right to counsel in his [prior] conviction." *Akins,* 243 F.3d at 1206, *amended by* 276 F.3d 1141. Significantly, the amended opinion *removed* both of these statements, and no longer contains language assigning the burden to the government to prove the constitutionality of prior convictions. *Akins,* 276 F.3d at 1146, 1149.

We recognize that the changes to *Akins* did not bring that opinion into complete harmony with *Allen* and *Mulloy.* Although the amendments to *Akins* removed all language expressly assigning the burden to the government, the amended *Akins* opinion held that valid waiver of counsel was not demonstrated where "the record in this case does not establish that Akins chose to waive the right to counsel with 'eyes open.' " *Akins,* 276 F.3d at 1149. This holding does not follow the "presumption of validity" articulated in *Allen* and *Mulloy.* But this difference between *Akins* and the *Allen* line of cases is irrelevant to the disposition of the present case, given that the prior conviction in *Akins* was an element of the offense, and the prior convictions in *Allen, Mulloy,* and this case were relevant only for calculating sentences.

Dominguez's sentence and **REMAND** the case for further proceedings.