**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Shane Joseph CORONA, Defendant—Appellant.**

**No. 02–50286.**

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2003.*

Decided May 22, 2003.

Before: TASHIMA, BERZON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Shane Joseph Corona appeals his 120–month sentence for possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

Corona contends that the district court erred in not fully explaining its reasons for not applying the safety valve provision, U.S.S.G. § 5C1.2(a)(1). Even assuming the district court did not satisfy this standard, the mistake is subject to harmless error review. *United States v. Mendoza,* 121 F.3d 510, 513 (9th Cir.1997). Because Corona has a criminal history score of II, as established in the Presentence Report ("PSR"), he is ineligible for the safety

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

valve provision. U.S.S.G. § 5C1.2(a)(1). Therefore, the error, if any, was harmless.

Corona also contends that the district court erred in relying on the DUI conviction to calculate his criminal history score because the Probation Office allegedly never received the underlying police records before determining Corona's criminal history based on computer and court records. We held in *United States v. Marin–Cuevas,* 147 F.3d 889, 895 (9th Cir.1998), that the government may rely on the PSR to establish defendant's criminal history by a preponderance of the evidence. Because Corona failed to set forth any evidence contradicting the DUI conviction as documented in the PSR, the district court did not abuse its discretion in relying on the PSR to deny Corona the benefits of the safety valve provision. *Id.*

Corona's due process collateral attack on the DUI proceedings also fails. To prevail, Corona must present affirmative evidence sufficient to overcome the presumption that he validly waived the right to counsel. *Clawson v. United States,* 52 F.3d 806, 807 (9th Cir.1995); *United States v. Dominguez,* 316 F.3d 1054, 1056 (9th Cir.2003). The court records indicate, however, that rather than being deprived the assistance of counsel at the DUI proceedings, Corona in fact entered his DUI guilty plea under representation of counsel. He thus cannot establish a violation of due process sufficient to challenge the DUI conviction.

The judgment of the district court is **AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.