**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jose MARTINEZ, Jr., Defendant— Appellant.**

**No. 03–30064.**
**D.C. No. CR–02–00083–EJL.**

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided Aug. 14, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Jose Martinez appeals the 211–month sentence imposed following his guilty plea conviction of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Martinez argues that the district court erred by including a conviction obtained without counsel in calculating his criminal history under the Sentencing Guidelines. We disagree. We have held that "[a] defendant must prove the invalidity of a prior conviction by a preponderance of the evidence[,]" and that to carry this burden the defendant "must make an affirmative showing ... that the prior conviction is invalid[.]" *United States v. Dominguez,* 316 F.3d 1054, 1056–57 (9th Cir.2003) (internal quotations omitted). Here, Martinez argues that his waiver in a prior case was invalid, but cites no evidence in support of this contention. We conclude that, in these circumstances, he has failed to sustain his burden. *Id.; United States v. Allen,* 153 F.3d 1037, 1041 (9th Cir.1998).

Martinez also argues that the district court erred by considering the methamphetamine found in his car as relevant conduct under the Sentencing Guidelines. *United States v. Fox,* 189 F.3d 1115, 1118 (9th Cir.1999). We disagree. The preponderance of the evidence, including the in-

formation provided by the informant and the location of the drugs, supports the district court's conclusion that the methamphetamine was relevant conduct for purposes of the Sentencing Guidelines. *United States v. Asagba,* 77 F.3d 324, 325–26 (9th Cir.1996) (district court's factual findings must be supported by a preponderance of the evidence).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.