**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Douglas Arthur COUPAR, Defendant—Appellant.**

No. 03–50074.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 1, 2004.

Decided Nov. 10, 2004.

Stephen Kramer, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Douglas Arthur Coupar, Reg. No. 77509–012, USPL–U.S. Penitentiary, Lompoc, CA, for Defendant–Appellant.

Before: TASHIMA, FISHER, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Douglas Arthur Coupar appeals his third conviction and sentence following a guilty plea to three counts of bank robbery in violation of 18 U.S.C. § 2113(a). Coupar argues that the district court erred in finding that he knowingly and intelligently waived the right to counsel and elected to proceed *pro se.* See *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

■ When determining whether a defendant's *Faretta* waiver is knowing and intelligent, the district court is required to make the defendant aware of (1) the nature of the pending charges; (2) the potential penalties upon conviction; and (3) the dangers and disadvantages of self-representation. *United States v. Erskine,* 355 F.3d 1161, 1167 (9th Cir.2004). At the time that he waived his right to counsel, Coupar had been informed of all three. At his guilty plea hearing, prior to his waiver of counsel, the prosecution explained the pending charges and the potential penalties available. Then, upon Coupar's request to proceed without counsel, the district court judge informed him of the potential pitfalls of self-representation. Given these circumstances, Coupar was sufficiently informed to waive counsel knowingly and intelligently. See, e.g., *United States v. Lopez–Osuna,* 242 F.3d 1191, 1199–1200 (9th Cir.2000).

■ Coupar also argues that he is ineligible for sentence enhancement as a Career Criminal Offender under U.S.S.G.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 4A1.1 because he was unconstitutionally denied the right to counsel at his prior parole revocation hearing. *See* U.S.S.G. § 4A1.2, Application Note 6 ("convictions that … have been ruled constitutionally invalid in a prior case are not to be counted"). Assuming that Coupar had a right to counsel at his parole revocation hearing, he has the burden of introducing affirmative evidence that demonstrates by a preponderance of the evidence that his prior conviction was unconstitutional in order to avoid sentence enhancement. *United States v. Dominguez,* 316 F.3d 1054, 1056 (9th Cir.2003). Coupar has failed to introduce sufficient affirmative evidence to demonstrate that he was unconstitutionally denied the right to counsel at his parole revocation hearing because pointing to an ambiguous or silent record alone is insufficient to demonstrate the unconstitutionality of a prior conviction. *Id.* Coupar's argument that Form I–16 was absent from the parole records alone cannot carry that burden. *Id.* Accordingly, Coupar's sentence was properly enhanced.

AFFIRMED.