**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Luke Justin FRAZIER, Defendant–**
**Appellant.**

No. 05–10806.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2006.

Filed Oct. 31, 2006.

Jerry R. Albert, Esq., Bruce M. Ferg, Esq., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Michael L. Brown, Esq., Law Office of Michael L. Brown, Tucson, AZ, for Defendant–Appellant.

Before: REINHARDT, RYMER, and THOMAS, Circuit Judges.

MEMORANDUM *

Luke Frazier appeals the 60–month sentence he received after pleading guilty to

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

two drug charges. The district court found that Frazier had two prior state convictions that rendered him ineligible for the "safety valve" provision contained in 18 U.S.C. § 3553(f); accordingly, although it believed the sentence to be high, the district court sentenced Frazier to the applicable 60–month mandatory minimum term of imprisonment. On appeal, Frazier argues that his prior state convictions are invalid and therefore may not be counted under the Sentencing Guidelines, and thus for safety valve purposes. We review de novo the district court's decision on that question. *United States v. Dominguez*, 316 F.3d 1054, 1056 (9th Cir.2003).

In a motion before the Tuscon City Court, Frazier argued, *inter alia*, that his 2001 conviction was invalid because he had not been advised of the consequences of his plea. The Tuscon City Court "set aside" the 2001 conviction in response to this motion.[1] We hold that the 2001 conviction may not be counted at federal sentencing. Under *United States v. Guthrie*, 931 F.2d 564 (9th Cir.1991), "[w]hen a state court vacates a defendant's prior state conviction, the sentence resulting from that conviction may not influence the defendant's criminal history score under the Guidelines.... Once the court vacates a conviction, that conviction expires in the eyes of the State.... [T]he [federal] district court may believe the state court's decision overturning the prior conviction is incorrect, but that is beside the point, for the Guidelines are concerned only with the state court's final determination, not with the soundness of its reasoning." *Id.* at 572.

The Arizona Supreme Court uses the terms "set aside" and "vacate" inter-

changeably. *See, e.g., Glaze v. Larsen*, 207 Ariz. 26, 83 P.3d 26, 32–33 (2004) (en banc). We, like the district court, find that the state court "vacated" Frazier's 2001 conviction when it "set aside" that conviction. The district court counted the conviction even though it recognized that the state court had "vacated" it, commenting that "the city court just blithely sets aside a valid conviction, and so I have to find [that point] count[s]." Earlier, it stated, "that just shows you how much we can rely on city court judges." We may not treat state court decisions so cavalierly. We conclude that the 2001 conviction may not be counted against Frazier, and Frazier is safety-valve eligible. Affording the state court decision the deference to which it is entitled under *Guthrie*, we reverse and remand to the district court for resentencing. In doing so, we do not reach the question whether Frazier's 2000 conviction is countable.

**REVERSED AND REMANDED.**

---

1. Contrary to the dissent's suggestion, *Nichols v. United States*, 511 U.S. 738, 748, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), holds only that the failure to advise a criminal defendant of the consequences of his plea does not violate due process. *Nichols* does not hold that a state court may not set aside a conviction because of such failure or that, when it does, the conviction is not set aside for an "error of law."