**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10346 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00087-ECR-VPC-1 |
| v. | |
| JUSTIN ALLAN RICHARDSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr., Senior District Judge, Presiding

Argued and Submitted April 16, 2012
San Francisco, California
Submission Vacated May 4, 2012
Resubmitted June 11, 2014

Before: REINHARDT and MURGUIA, Circuit Judges, and EZRA, District Judge.[**]

In a published opinion filed herewith, we resolve Richardson's constitutional

challenges to the Sex Offender Registration and Notification Act. Here, we resolve

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable David A. Ezra, District Judge for the U.S. District Court for the District of Hawaii, sitting by designation.

his challenge to his sentence. Richardson argues that the district court should not have assigned him one criminal history point for his 2000 misdemeanor conviction because he did not have counsel during the proceeding and the conviction resulted in a sentence of time served.

The Sixth Amendment provides that an indigent criminal defendant may not be sentenced to a term of imprisonment[1] without the assistance of appointed counsel. *Scott v. Illinois*, 440 U.S. 367, 374 (1979). However, "once the government establishes the fact of a conviction, the burden rests on the defendant to show that the conviction was unconstitutional." *United States v. Wahid*, 614 F.3d 1009, 1017 (9th Cir. 2010) (citing *United States v. Newman*, 912 F.2d 1119, 1121 (9th Cir. 1990)). "A defendant cannot carry this burden 'merely by pointing to a silent or ambiguous record.'" *United States v. Dominguez*, 316 F.3d 1054, 1056 (9th Cir. 2003) (quoting *United States v. Mulloy*, 3 F.3d 1337, 1339 (9th Cir. 1993)).

The Government established the fact of Richardson's conviction. In contrast, Richardson presented no evidence demonstrating that he did not make a knowing and intentional waiver of his right to counsel or that his conviction was otherwise

---

[1] A sentence of time served constitutes a sentence of actual imprisonment. *Cf. Arreguin-Moreno v. Mukasey*, 511 F.3d 1229, 1230 (9th Cir. 2008).

unconstitutional. Because Richardson has failed to overcome the presumption of validity accorded to his 2000 conviction, we conclude the district court did not err in assigning Richardson one criminal history point for the 2000 misdemeanor conviction.

**AFFIRMED**