NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 6 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50160 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00402-PA-1 |
| v. | |
| THOMAS HIDALGO, AKA Diablo, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted August 31, 2017[**]
Pasadena, California

Before: W. FLETCHER and IKUTA, Circuit Judges, and BARKER,[***] District
Judge.

Thomas Hidalgo was charged in an indictment with two counts of

distributing a controlled substance, in violation of 18 U.S.C. §§ 841(a)(1),

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sarah Evans Barker, United States District Judge for the Southern District of Indiana, sitting by designation.

(b)(1)(B), and (b)(1)(C). He moved to dismiss the indictment on the grounds that the 23-month period of post-indictment delay prior to his arrest violated his Sixth Amendment right to a speedy trial and Federal Rule of Criminal Procedure 48(b). The district court conducted an evidentiary hearing and ultimately denied his motion to dismiss. Thereafter, Defendant entered a conditional guilty plea to both counts and was sentenced to 60 months' imprisonment. Hidalgo appeals the district court's denial of his motion to dismiss the indictment and his sentence.

We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and review the district court's legal rulings de novo. *United States v. Gregory*, 322 F.3d 1157, 1160 (9th Cir. 2003); *United States v. Allen*, 153 F.3d 1037, 1040 (9th Cir. 1998). The district court's factual findings underlying the decision on the constitutional claim are reviewed for clear error. *Gregory*, 322 F.3d at 1160-61.

The evidence underlying the district court's factual conclusions was sufficient and persuasive. There was no error in the denial of Hidalgo's motion to dismiss on Sixth Amendment grounds. The district court properly balanced the four factors set out in *Barker v. Wingo*, 407 U.S. 514 (1972), for analyzing the impact of such delay, to wit, the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant, and in determining that there was no constitutional violation. It is undisputed that the 23-month post-indictment delay was "presumptively prejudicial" and thus

16-50160

"unreasonable enough to trigger the *Barker* enquiry." *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992).  However, the remaining *Barker* factors do not support Hidalgo's constitutional claim for relief.

In reviewing the second *Barker* factor, the reason for the delay, the district court determined that the government had made reasonably diligent efforts to find Hidalgo between 2013 and 2015 and that its negligence was not responsible for the post-indictment delay in locating him.[1]  *United States v. Mendoza*, 530 F.3d 758, 763 (9th Cir. 2008).  We find no error in those conclusions.

The third *Barker* factor, to wit, the defendant's assertion of the right to a speedy trial, did not, according to the district court's finding, weigh in Hidalgo's favor, given that he had requested two trial continuances in order to apply for a diversion program before asserting that right.  *See, e.g.*, *United States v. Corona-Verbera*, 509 F.3d 1105, 1116 (9th Cir. 2007) ("Because [the defendant] asserted his speedy trial right only after requesting numerous continuances, we find this

---

[1] The government had made sustained, targeted efforts to locate Hidalgo throughout this time period, including: (1) conducting surveillance at the address listed on his California driver's license, his business address, and his prior mailing address as well as at multiple additional locations that searches of law enforcement databases revealed were potentially connected to him; (2) placing Hidalgo's warrant into the NCIC database so that other federal, state, or local law enforcement agencies would find it, if they encountered him; (3) seeking the assistance of the Los Angeles County Police Department in their efforts to locate him; (4) conducting internet searches for Hidalgo, including on social media websites; and (5) arresting him at the airport after receiving information that he was scheduled for a flight from Los Angeles International Airport to El Salvador.

factor weighs neither in favor of dismissal nor in favor of the government."). We find no error in this conclusion as well.

Because the government was not negligent in its efforts to locate Hidalgo and pursued him with reasonable diligence from the time of his indictment up to his arrest, he is required under the fourth *Barker* factor "to demonstrate specific prejudice; prejudice is not presumed." *Id.* at 1116. As the district court found, Hidalgo's general and speculative assertions that the delay cost him the opportunity to locate former employees who might have been witnesses and potentially resulted in the diminution of the memory of witnesses or the loss and destruction of evidence clearly do not rise to the level of actual prejudice.

In sum, the *Barker* analysis was unavailing as a basis for Hidalgo's requested dismissal of the indictment. The district court did not err in denying his motion to dismiss, so we affirm that holding.

Hidalgo also appeals his sentence, arguing that the district court erred by assessing criminal history points under the 2016 United States Sentencing Guidelines ("U.S.S.G.") for his uncounseled 2009 DUI state misdemeanor conviction. He contends that the DUI conviction was unconstitutional because he was not adequately advised by the state court judge of the consequences of waiving his right to counsel and proceeding pro se and was not provided the services of a Spanish language interpreter during the state court proceedings. We disagree.

16-50160

The district court correctly held that the rights apprisal and waiver of counsel form completed by Hidalgo, before he entered his plea of nolo contendere in the state case, was textually sufficient to adequately and correctly inform him of his rights, including his right to counsel, and the dangers he faced in giving up those rights, as well as in providing the basis for a constitutionally valid waiver. Although the state court judge did not re-advise Hidalgo in open court of the risks of proceeding without counsel, it is well-established that the information a defendant must have in order to intelligently waive counsel depends upon the particular facts and circumstances of the case, "including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding." *Iowa v. Tovar*, 541 U.S. 77, 88 (2004). Here, the record before the district court reflected that Hidalgo, a high school graduate who had taken real estate classes and had run his own businesses, possessed the necessary intelligence and sophistication to make the state court waiver decision knowingly and voluntarily. The record also reflected that he did not demonstrate any signs of having an English language communication barrier that affected the validity of his waiver. These facts defeat this claim by Hidalgo, both factually and legally.

The district court correctly held that Hidalgo failed to establish by a preponderance of the evidence that his 2009 conviction was unconstitutional and that the judgment was not entitled to the benefit of the presumption of regularity

that attaches to a state conviction under *United States v. Dominguez*, 316 F.3d 1054 (9th Cir. 2003). No error was committed by the district court judge in including that conviction in the calculation of his criminal history score and in the final sentence under the Sentencing Guidelines.

Even if the district court's decision to include Hidalgo's uncounseled DUI misdemeanor in his criminal history category was erroneous, that error was harmless because Hidalgo received the mandatory minimum sentence of 60 months' imprisonment on count two of the indictment. This was the lowest possible sentence, given the district court's finding that Hidalgo was ineligible for a safety valve reduction under 18 U.S.C. § 3553(f) (U.S.S.G. § 5C1.2), based on his lack of candor and cooperation with the government. *See United States v. Mejia-Pimental*, 477 F.3d 1100, 1103 (9th Cir. 2007) (holding that review of the district court's factual determination that a defendant is ineligible for safety valve relief is for clear error).

**AFFIRMED.**